UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE HANOVER INSURANCE COMPANY, )<br>a New Hampshire corporation,            )<br>                                                            )<br>                         Plaintiff,               )<br>                                                            )<br>       vs.                                             )<br>                                                            )<br>VAZZANA UNDERGROUND              )<br>CONSTRUCTION INC., et al.,              )<br>                                                            )<br>                         Defendants.         )<br>                                                            ) | Case No.: 2:11-cv-00470-GMN-RJJ<br><br>**ORDER** |

## INTRODUCTION

Before the Court is Plaintiff The Hanover Insurance Company's (hereinafter "Hanover") Motion to Interplead Penal Sum of Contractor's License Bond and for Discharge of Bond pursuant to N.R.S. 624.273 (ECF No. 59).  No responses have been filed opposing this motion.

## BACKGROUND AND FACTS

On or about July 22, 2009, Plaintiff Hanover issued a bond, number BLZ1882614 (hereinafter "the Bond") in the amount of $50,000.00 naming S.B.A. Development, Inc. d/b/a Royal Construction Company (hereinafter "S.B.A.") as principal.  Hanover alleges that S.B.A. has defaulted on various payments to employees, subcontractors and/or material suppliers and others.  The following is the list of claims Hanover has received since November 2009 against the Bond arising out of S.B.A.'s alleged failure to pay for labor and/or material in connection with various construction projects:

- Vazzana Underground filed a claim on September 8, 2010 for $245,993.91; however, some may have been incurred prior to the date of the Bond and would therefore not be a proper claim against the Bond;

- Western States filed a claim on November 9, 2009 for $98,051.93;

- Select Build filed a claim on August 20, 2010 for $16,982.00;
- Frehner filed a claim on March 3, 2011 for $2,948.00; and
- Tiberti filed a claim on February 16, 2011 for $27,945.93.

Additionally, some claimants against the Bond have filed lawsuits in Nevada State Court, naming Hanover as a defendant.  Hanover has retained counsel to investigate and defend those claims and has incurred legal fees and expenses in defending such claims.

Hanover claims no interest in the funds represented by the penal sum of the Bond and is prepared to deposit the sum with the Clerk of the Court on order of this Court except to the extent to reimburse Hanover for its costs incurred.  To the extent any monies are remaining after all valid claims against the Bond have been paid, Hanover reserves the right to claim any monies that remain with the Clerk of the Court after payment of all valid claims.

## DISCUSSION

Procedurally, an interpleader action encompasses two stages: First the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claims to the fund.  In the second stage the court makes a determination of the respective rights of the claimants. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1023–24 (9th Cir. 2010). (citing *Rhoades v. Casey*, 196 F.3d 593 (5th Cir. 1999)).  28 U.S.C. § 1335 allows a stakeholder, "to file an interpleader action to protect itself against the problems posed by multiple claimants to a single fund." *Minnesota Mutual Life Ins. Co.* v. *Ensley,* 174 F.3d 977, 980 (9th Cir. 1999).

28 U.S.C. § 2361 authorizes the issuance of injunctions in the aid of a federal interpleader granting a district court the power to "issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action ..." *First Interstate Bank of Or.*, 891 F.Supp. 543, 546 (D. Or. 1995).

Under Local Rule 22-1 "no discharge will be granted and no plaintiff will be dismissed prior to the scheduling conference." Local Rule 22-2 provides:

> In all interpleader actions, the Plaintiff must file a motion requesting that the Court set a scheduling conference. The motion must be filed within thirty (30) days after the first defendant answers or otherwise appears. At the scheduling conference, the Plaintiff will advise the Court as to the status of service on all defendants who have not appeared. In addition, the Court and parties will develop a briefing schedule or discovery plan and scheduling order for resolving the parties' competing claims. If the plaintiff fails to prosecute the interpleader action by failing to file the motion required by this local rule, the Court may dismiss the action.

It does not appear that Hanover has filed a motion requesting the scheduling conference. Accordingly, the Court denies Hanover's motion at this time.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff The Hanover Insurance Company's Motion to Interplead Penal Sum of Contractor's License Bond and for Discharge of Bond (ECF No. 59) is **DENIED without prejudice**. Hanover is free to file an amended motion once it complies with the local rules regarding interpleader actions.

DATED this 19th day of December, 2011.

_____
Gloria M. Navarro
United States District Judge